UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRODERICK V. BULLOCK, SR.,

    Plaintiff,

v.                              CAUSE NO. 3:19-CV-081 DRL-MGG

HYATTE,

    Defendant.

## OPINION AND ORDER

Mr. Broderick V. Bullock, Sr., a prisoner without a lawyer, is currently pursuing an injunction claim against Warden Hyatte in his official capacity related to the receipt of medical care for injuries he sustained on February 2, 2019, after he was attacked by a fellow inmate at the Miami Correctional Facility. ECF 4. Because it appeared that Mr. Bullock may have been attempting to expand the scope of his lawsuit to add additional claims, remedies, or defendants (ECF 19), the court stayed the case and gave Mr. Bullock instructions on how to amend his complaint. ECF 20.

Instead of filing an amended complaint as directed, Mr. Bullock filed multiple documents asking for various forms of relief in a piecemeal fashion. ECF 21, 22, 24. Noting that the court's rules prohibit parties from amending complaints in this manner, *see* N.D. Ind. L.R. 15-1, the court directed the clerk to send Mr. Bullock a blank Prisoner Complaint (INND Rev. 8/16) form and advised him as follows:

> If he still wishes to add additional claims, remedies, and/or defendants to this lawsuit, Bullock must file an amended complaint on a copy of the court's approved Prisoner Complaint form. As the instructions on that form explain, Bullock needs to write a short and plain statement telling what each defendant he is suing did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. Importantly, he needs to use each defendant's name every time he refers to that defendant. If he intends to amend his complaint, he must do so by June 21, 2019. As it stands, the case will continue only against Warden Hyatte in his official capacity for injunctive relief related to the injuries he sustained on February 2, 2019. ECF 27.

Subsequently, Mr. Bullock filed a motion stating that he "wants to remain status quote injunctive relief related to the injuries I sustained February 2nd 2019 only (no amended complaint)." ECF 31 (underlining in original). As such, the court lifted the stay and ordered Warden Hyatte to respond only to the permanent injunctive relief claim for which Mr. Bullock had been granted leave to proceed in the court's screening order. ECF 32.

Mr. Bullock has since filed numerous motions requesting monetary damages in varying amounts against Warden Hyatte. *See* ECF 48, 53,[1] 55, 56, 57, 59. Yet, none of these motions comply with the court's local rules or constitute an entire pleading; rather, they string together disjointed allegations and demand that judgment for monetary damages be entered immediately. Importantly, even setting aside the procedural issues with Mr. Bullock's motions, he has not plausibly alleged any new viable claims. For example, Mr. Bullock demands $1,000,000 in damages because he believes that Warden Hyatte is responsible for his eye injury:

> Permanent right eye stem cell dysfunction eye fails to regenerate stem cells Warden Hyatte's inadequate amount of staff. But on a daily violates, the standard policy & handbook (by running full dorm wreck) with only (two officers) (per dorm) when (policy states three) which assault constantly take place at M.C.F. when officer leaves to go to other side leaving no officer on that side. Happens daily assault, Warden Hyatte liable for an offender getting jumped or assaulted do to these hostile position Hyatte's put offenders in do to lack of staff (supervisory liability) Warden Hyatte maintains a code of silence, lack of staff (that's on a daily puts offenders at risk) (an assaults) (that's reasonably foreseeable) & (reason to anticipate will occur) . . . My rights privileges and immunities under the Constitution have been violated Eighth Amendment, by Warden Hyatte & his official capacity (requesting) to recover damages for Warden Hyatte (negligence) (failed) (to use) (reasonable care) to avoid foreseeable future risk, & prison assaults scope of employment usually include actions that take place while employees (are on the job) and generally performing their own duties

---

[1] In addition to requesting $730,000 in damages, this motion also asks the court to deny Warden Hyatte's motion (ECF 51) for a seven-day enlargement of time to provide documentation related to Mr. Bullock's prescription serum drops in accordance with the court's order (ECF 45) granting preliminary injunctive relief. Finding that good cause had been shown, the court granted Warden Hyatte's motion. ECF 52. Nothing in Mr. Bullock's current motion (ECF 53) changes that finding.

>   (even) (if they break the law) liable Warden Hyatte for (injuries) (& damages) inflicted on 2/2/19.[2]

ECF 48 at 2–3; *see also* ECF 56 at 1–2 & ECF 59 at 2, 4 (setting forth similar allegations).

As noted in the court's screening order, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Even construing the myriad allegations generously, *at most* Mr. Bullock has alleged that Warden Hyatte was aware of a generalized risk of violence due to staffing issues during recreation time. Mr. Bullock does not allege, nor is it reasonable to infer, that Warden Hyatte had knowledge of any specific risk. Thus, Mr. Bullock has not stated a claim for monetary damages against Warden Hyatte in his individual capacity for failing to protect him. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (a "high-level" official may be held liable on a failure to protect claim, but only when the alleged known risk is "not a mere general risk of violence"); *Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000) (dismissal of failure to protect claims proper because plaintiff had only alleged that the officials' inadequate classification system subjected prisoners like him to an "inevitable" risk of assault); *see also Wilson v. Ryker*, 451 Fed. Appx. 588, 589–90 (7th Cir. 2011) (prison's policy of housing opposition gang members together coupled with staff's failure to make rounds or respond to panic-button calls did not state a failure to protect claim against prison officials because risk of harm alleged was too broad). Moreover, to the extent Mr. Bullock is attempting to bring a claim for monetary damages against Warden Hyatte in his official capacity, he is precluded from doing so. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (official capacity suits against officials are against the State itself); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies in federal court).

---

[2] In his complaint, Mr. Bullock alleges that inmate Steven Gates threw a pot of boiling water on his face and then hit him with the pot while he was being moved from the yard during recreation time.

Several of Mr. Bullock's motions appear to suggest that he believes he is entitled to immediately receive monetary damages from Warden Hyatte simply because the court granted preliminary injunctive relief (ECF 45) for the serum drops prescribed by Dr. Steven M. Johnson. *See* ECF 53, 55, 56, 57, 59. He is mistaken. As noted above and explained repeatedly in other orders, Mr. Bullock was granted leave to proceed on a claim against Warden Hyatte in his official capacity for permanent injunctive relief related to receiving medical care for the injuries he sustained as a result of the February 2 attack. He has not alleged a plausible claim for monetary damages against any individual. Thus, even if Mr. Bullock ultimately prevails on his current claim, he will not receive any money.

Finally, two of Mr. Bullock's motions mention the Americans with Disabilities Act and/or the Rehabilitation Act. He states:

> (The federal) (disability statutes) (The Federal ADA) & (Section 504) (of the Rehabilitation Act) (Apply to Prisoner) (Court) (have) (heard claims under these act) (&) (granted) (significant relief in cases) - (involving prisoners) – (with) (visual impairments) (physical) (impairment) (that) (substantially) (limits) (one) (or) (more) (of the major life activities) (of an individual) (Congress) (broadened) (the meaning) (of these terms) (in ADA amendment) (Act) (of 2008) (effective) (Jan 1, 2009) (to overrule) (restrictive) (interpretations) (of these terms) (by) (Supreme Court) (an impairment) (that is episodic) (or in remission) (is a disability) (if) (it) (would substantially limit) (a major life) (activity) (when active) . . . (damages) (effect of employment) (driving privileges) (normal activities with kids) (sport activities)

ECF 59 at 4–5; *see also* ECF 55 (mentioning Rehabilitation Act). Setting aside the fact that it is unclear how these claims relate to his current lawsuit,[3] Mr. Bullock has not alleged a plausible claim under either of these statutes because there is no indication that the Indiana Department of Correction denied him access to a program or activity due to a disability. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

---

[3] "[U]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

In sum, to the extent that Mr. Bullock's motions attempt to amend his complaint, they are procedurally deficient in that none reproduce an entire pleading, and they are substantively meritless in that they do not adequately allege any additional plausible claims. To the extent that Mr. Bullock's motions demand immediate judgment in the form of monetary damages, they are frivolous.

For these reasons, the court DENIES Mr. Broderick V. Bullock, Sr.'s motions (ECF 48, 53, 55, 56, 57, 59) in their entirety.

SO ORDERED.

August 30, 2019                    *s/ Damon R. Leichty*
                                   Judge, United States District Court